IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. SECRET SERVICE**, | ) |
| 950 H Street NW, #7800 | ) |
| Washington, D.C. 20223 | ) |
| | ) |
| **U.S. DEPARTMENT OF HOMELAND SECURITY,** | ) |
| 2707 Martin Luther King Jr. Ave SE | ) |
| Washington, D.C. 20528 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1. Plaintiff, JASON LEOPOLD, brings this Freedom of Information Act suit to force Defendants U.S. SECRET SERVICE and U.S. DEPARTMENT OF HOMELAND SECURITY to produce documents about any Presidential records—including classified records—that were removed from the White House to Mar-a-Lago, potentially in violation of federal law. *See, e.g.,* Jonathan Franklin, *15 boxes of White House records have been recovered at Trump's Mar-a-Lago resort,* NPR (Feb. 7, 2022).

2. In violation of FOIA, Defendants have failed to issue a determination within the statutory deadline, have failed to produce the records promptly, and have failed to provide an estimated date of completion.

## PARTIES

3. Plaintiff, JASON LEOPOLD is an investigative journalist and made the FOIA request at issue in this case.

4. Defendant, U.S. SECRET SERVICE ("USSS") is a component agency of U.S. DEPARTMENT OF HOMELAND SECURITY, a federal agency within the meaning of 5 U.S.C. § 552(f), and subject to FOIA.

5. Defendant, U.S. DEPARTMENT OF HOMELAND SECURITY is a federal agency within the meaning of 5 U.S.C. § 552(f) and is subject to FOIA.

## JURISDICTION AND VENUE

6. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MARCH 11, 2022 FOIA REQUEST

8. On March 11, 2022, LEOPOLD submitted a FOIA request to USSS for the following records:

> [1] All records, with the exception of news clippings and press releases, relating or referring to the retrieval of Presidential records from Mar-a-Lago. Please be sure to include any and all photographs of presidential records that were recovered;
>
> [2] All emails, letters, memos, text messages, reports sent and received between Secret Service officials and officials representing former President Donald Trump and officials at the National Archives, Justice Department, FBI relating or referring to Presidential records stored at Mar-a-Lago, discussions about the retrieval of those records, the Presidential Records Act and the ongoing search for Presidential records;
>
> [3] All records, with the exception of news clippings and press releases, mentioning or referring to descriptions of Trump Presidential records that were not turned over to NARA after former President Donald Trump left office;
>
> [4] Any and all letters, memos, reports, Secret Service officials have exchanged with other federal government agencies and congressional committees relating or referring to presidential records stored at Mar-a-Lago;

> [5] Final reports of investigation and audits and reviews relating or referring to the presence of classified information contained in Presidential records removed from the Trump White House and retrieved from Mar-a-Lago by NARA officials; and final reports of investigation and audits relating or referring to missing Presidential records from the Trump White House;
>
> [6] All emails, memos, reports, text messages, letters, criminal referrals, sent and received by Secret Service and FBI, CIA, Defense Intelligence Agency, National Security Agency, State Department, Department of Defense, and the Inspector General of the Intelligence Community, relating or referring to the presence of classified information contained in all presidential records retrieved from Mar-a-Lago;
>
> [7] All records, such as letters, memos, reports, exchanged with any Congressional committee relating or referring to the presence of classified information contained in all presidential records retrieved from Mar-a-Lago by NARA officials.

Ex. 1.

9. On March 14, 2022, USSS acknowledged receipt of the request and assigned reference number 20220306 to the request. *Id.*

10. USSS stated that it is conducting a search for records responsive to Parts 2, 4, and 6 of the request. For Parts 1, 3, 5, and 7, USSS stated that LEOPOLD should submit a FOIA request directly to National Archives and Records Administration (NARA). *Id.*

11. On April 6, 2022, USSS stated that it has located potentially responsive documents and is "processing the responsive records identified." Ex. 3.

12. Having received no further correspondence from USSS regarding this request, LEOPOLD sought an estimated date of completion for the request on June 13, 2022. Ex. 4.

13. On June 13, 2022, USSS stated that the records have been located and are in processing. USSS stated that it is "unable to provide an estimated date of completion" for the request. Ex. 5.

14. As of the date of this filing, USSS has not issued a determination and has not produced any records responsive to the request. Nor has USSS complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated date of completion when requested.

**COUNT I – DEFENDANT'S FOIA VIOLATION:**
**FAILURE TO ISSUE A DETERMINATION**

15. The above paragraphs are incorporated herein.

16. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

17. Defendant USSS is a component agency of DHS, a federal agency, and subject to FOIA.

18. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

19. Defendant USSS has failed to issue a determination within the statutory deadline.

**COUNT II – DEFENDANT'S FOIA VIOLATION:**
**FAILURE TO CONDUCT A REASONABLE SEARCH**

20. The above paragraphs are incorporated herein.

21. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

22. Defendant USSS is a component agency of DHS, a federal agency, and subject to FOIA.

23. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

24. Defendant USSS has failed to conduct a reasonable search for records responsive to the request.

## COUNT III – DEFENDANT'S FOIA VIOLATION:
## FAILURE TO PRODUCE RECORDS

25. The above paragraphs are incorporated herein.

26. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

27. Defendant USSS is a component agency of DHS, a federal agency, and subject to FOIA.

28. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

29. USSS has failed to produce records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records at no cost;

iii. order Defendants to issue a determination where appropriate;

iv. order Defendants to produce all non-exempt requested records or portions of records promptly;

v. enjoin Defendants from withholding non-exempt public records under FOIA;

vi. award Plaintiff attorneys' fees and costs; and

vii. award such other relief the Court considers appropriate.

Dated: July 1, 2022

RESPECTFULLY SUBMITTED,

*/s/ Matthew Topic*

Attorney for Plaintiff,
JASON LEOPOLD

Matthew Topic, D.C. Bar No. IL 0037
Josh Loevy, D.C. Bar No. IL0105
Merrick Wayne, D.C. Bar No. IL 0058
Shelley Geiszler D.C. Bar No. IL 0087
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com