## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD,

       Plaintiff,

v.

U.S. SECRET SERVICE,

U.S. DEPARTMENT OF HOMELAND
SECURITY,

       Defendants.

Civil Action No. 1:22–cv–01923–RDM

## DEFENDANTS' REQUEST FOR
## PRE-SUMMARY JUDGMENT MOTION CONFERENCE

Consistent with Paragraph 10(a) of this Court's Standing Order in Civil Cases, ECF No. 6 ("Standing Order"), Defendants respectfully request that the Court set a pre-summary judgment motion conference in this matter. Defendants briefly set forth the basis of their anticipated summary judgment motion below.

This case arises from Plaintiff's Freedom of Information Act (FOIA) request, dated March 11, 2022, and received by the Secret Service on March 14, 2022. In that request, Plaintiff sought seven categories of information concerning storage or retrieval of Presidential records at Mar-a-Lago. *See* Compl., ECF No. 1-1 (copy of Plaintiff's FOIA request). Following a search, and a review of the potentially responsive records retrieved by that search, the Secret Service determined that there were no records responsive to Plaintiff's request. Defendants intend to seek summary judgment in this matter on the grounds that the search conducted by the Secret Service was reasonable, adequate, and satisfied its obligations under FOIA.

On a motion for summary judgment concerning an agency's search for responsive records, "the agency must demonstrate that it has conducted a search reasonably calculated to

uncover all relevant documents." *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (citation omitted). It is well-established that "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Id.* (citation omitted); *see also SafeCard Servs.*, 926 F.2d at 1201 ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." (citations omitted)). The adequacy of the search "is judged by a standard of reasonableness and depends . . . upon the facts of each case." *Weisberg*, 745 F.2d at 1485 (citation omitted). An agency "can show that it conducted an adequate search by relying on '[a] reasonably detailed affidavit [or declaration], setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Spataro v. Dep't of Justice*, 279 F. Supp. 3d 191, 207 (D.D.C. 2017) (quoting *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (internal quotation omitted)).

Here, the Secret Service has prepared such a declaration and has provided a draft of it to Plaintiff, consistent with Paragraph 10(b) of this Court's Standing Order. As explained in that declaration, the Secret Service in this case conducted a search reasonably likely to identify any records responsive to Plaintiff's FOIA request. Plaintiff's request sought "disclosure from the National Archives and Records Administration" of seven categories of records related to the storage or retrieval of Presidential records at Mar-a-Lago.

Although the request was directed to the National Archives and Records Administration (NARA) and not the Secret Service, the Secret Service nonetheless undertook a search reasonably likely to identify records responsive to Plaintiff's FOIA request if they existed. Specifically, the Secret Service FOIA office requested that the Office of the Chief Information

Officer perform the following search of all Secret Service email databases: 1) a search of emails including both terms "Presidential records" and "Mar-a-Lago" or 2) a search of emails including the terms: "classified" and "Presidential records" and "Mar-a-Lago."  That search retrieved 3,306 potentially responsive emails, and the Secret Service reviewed each of those 3,306 emails individually to determine whether it was responsive to Plaintiff's request.  That review revealed no responsive records.  Instead, the majority of the e-mails that were identified by the search were news clippings and/or press releases, which Plaintiff had advised in his initial FOIA request that he was not seeking.   The remaining emails were unrelated to Plaintiff's request.

Plaintiff identified three objections to the Secret Service's search, as described in the draft declaration:  1) the Secret Service construed the request too narrowly because, notwithstanding the clerical error, it was directed at the Secret Service and not NARA; 2) the search terms employed by the Secret Service were too narrow; and 3) the Secret Service's search should have included text messages.  Defendants' forthcoming motion will demonstrate that these objections are without merit.

First, with respect to the Secret Service's construction of the request, although the request appeared to have been sent to the Secret Service in error—not only because it sought records from NARA, but also because it focused on areas for which the Secret Service does not have responsibility—the Secret Service nonetheless searched for documents responsive to the request.  Because the request appeared to have been misdirected, the Secret Service initially directed its search to those subparts of Plaintiff's request that specifically referred to the Secret Service.  However, the Secret Service subsequently notified Plaintiff that its search terms were broad enough to have captured records responsive to any portion of Plaintiff's request if they had existed.

Indeed, although Plaintiff's second objection is directed to the search terms employed by the Secret Service, Plaintiff did not identify any additional terms that he contends should have been included, even when the Secret Service, through counsel, asked him to do so.  The terms "Presidential records" and "Mar-a-Lago" were used in the request itself and are comprehensive terms that would reasonably identify the records Plaintiff was interested in, if they existed.

Finally, as to Plaintiff's contention that text messages should have been included in the search:  because the Secret Service has no responsibility for the storing or retrieval of Presidential records at Mar-a-Lago, nor does the Secret Service have any statutory criminal investigative responsibilities with respect to the storage and retrieval of Presidential records at Mar-a-Lago, there were no obvious custodians whose text messages should have been searched for records responsive to Plaintiff's request focused on these matters.  Moreover, the centralized email search, which yielded no responsive records, did not provide any leads as to which custodians' text messages to search, and the fact that it turned up zero responsive records made it unlikely that an agency-wide search of every employee's text messages, which would be extremely burdensome, would yield any responsive records.  Accordingly, it was reasonable for the Secret Service not to conduct an agency-wide search of every employee's text messages in response to the Plaintiff's FOIA request.

For all the reasons summarized herein, the Secret Service fulfilled its obligations under FOIA in responding to Plaintiff's request, and Defendants intend to seek summary judgment in this matter.  Accordingly, Defendants respectfully ask that the Court set a pre-motion conference in this case.

Dated: January 20, 2023          Respectfully submitted,


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ *Julia A. Heiman*
JULIA A. HEIMAN (D.C. Bar No. 986228)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20005
Tel: 202-616-8480
julia.heiman@usdoj.gov

*Attorneys for Defendants*